David L. Mortensen (#8242)
   Email: dmortensen@foley.com
Tanner B. Camp (#17805)
   Email: tcamp@foley.com
FOLEY & LARDNER LLP
95 South State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: 801.401.8900

*Attorneys for Snap One, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SNAP ONE, LLC, a North Carolina limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AM RUDDEN INC., a Florida corporation, AARON M. RUDDEN, an individual, and CARIBBEAN ENTERTAINMENT TECHNOLOGIES, LTD., a Trinidad and Tobago limited liability company,<br><br>　　　　　　Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART SNAP ONE, LLC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:22-CV-00127-DAK<br><br>The Honorable Dale A. Kimball |
| CARIBBEAN ENTERTAINMENT TECHNOLOGIES, LTD., a Trinidad and Tobago limited liability company,<br><br>　　　　　　Consol Plaintiff,<br><br>　　v.<br><br>SNAP ONE, LLC, d/b/a WIREPATH, SNAPAV, and CONTROL, f/k/a WIREPATH HOME SYSTEMS, LLC, a North Carolina limited liability company,<br><br>　　　　　　Consol Defendant. | |

On August 29, 2023, this matter came before the Court for a hearing on plaintiff/consolidated defendant Snap One, LLC's ("Snap One") Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment (D.E. #59) (the "Motion"). Snap One was represented by David L. Mortensen and Tanner B. Camp of Foley & Lardner LLP.  Defendant/consolidated plaintiff Caribbean Entertainment Technologies, Ltd. ("CET") was represented by Eric W. Ostroff of Meland Budwick P.A. and Kennedy D. Nate of Ray Quinney & Nebeker P.C. The Court has considered the Motion and memoranda, affidavits, and all other exhibits filed in support of and in opposition to the Motion, and listened to the oral arguments of counsel presented during the hearing. For the reasons set forth on the record by the Court during its oral ruling at the hearing and, as set forth herein, the Court HEREBY GRANTS IN PART AND DENIES IN PART the Motion and ORDERS as follows:

In adjudicating a motion for summary judgment, the Court views the evidence and draws all reasonable inferences therefrom in the light most favorable to the non-moving party, in this instance, CET. Fed. R. Civ. P. 56(c); *see also McGehee v. Forest Oil Corporation,* 908 F.3d 619, 624 (10th Cir. 2018). "In deciding whether summary judgment is appropriate, the court does not weigh the evidence and determine the truth of the matter asserted, but only determines whether there is a genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Here, as set forth below, the Court holds that there are no genuine issues of material fact and (1) GRANTS summary judgment on CET's contract claims; and (2) dismisses CET's non-contract claims without prejudice.

*Contract Claims*. In Counts I, II and III of its Complaint, CET asserts claims for Breach of Contract, Breach of Implied-in-Fact Contract, and Breach of the Implied Covenant of Good

2

Faith and fair Dealing (collectively, the "Contract Claims"). In the Motion, Snap One argues that the Contract Claims fail because CET repudiated any contract between the parties.

It is a basic contract principle that after "one party to a contract renunciates or repudiates it or refuses to perform by way of anticipatory breach, the other party is not obligated to perform." 17A. Am. Jur. 2d Contracts § 686 (2023 Update). A repudiation occurs when a party to a contract "manifests a positive and unequivocal intent not to render performance." *Kasco Servs. Corp. v. Benson*, 831 P.2d 86, 89 (Utah 1992). To constitute repudiation, "a party's language must be sufficiently positive to be reasonably interpreted to mean that the party will not perform." *Amoco Oil Co.*, 313 F. Supp. 2d at 1238. And, although normally a question of fact, courts may resolve an issue of repudiation on summary judgment "if the facts are uncontroverted and the moving party is entitled to judgment as a matter of law." *Digital Ally, Inc. v. Z3 Tech., LLC,* 864 F. Supp. 2d 1050, 1079 (D. Kan. 2012); *see also Smargon v. Grand Lodge Partners, LLC*, 2012 UT App 305, ¶¶ 17, 30, 288 P.3d 1063, 1069, 1078 (affirming that defendant had "breached the Contract by repudiation").

Here, the Court holds that CET repudiated its ability to perform under any contract with Snap One when it stated that it was not able to perform the obligations of a Snap One dealer in the project with Telecommunications Services of Trinidad and Tobago ("TSTT") (the "Project") and invited a third party to proceed with the Project in CET's place. *See e.g.*, TR of 05/18/21 Telephone Call, Snap One Ex. 21; 05/18/21 Email from A. Rudden, Snap One Ex. 22. For example, CET stated that (1) it was "not in a position to take lead on this [P]roject"; (2) it "would bow out and let [a third party] take lead" on the Project; (3) it "would immediately be in breach" if it proceeded with the Project "without financing in place and without the ability to proceed"; and (4) invited a third party "to proceed with TSTT *exclusively*." *See e.g.*, Transcript of 05/18/21

Telephone Call, Snap Ex. 21; 05/18/21 Email from A. Rudden, Snap Ex. 22. In making these and other statements, CET unequivocally represented that it was unable to perform its obligations under the Project, thereby repudiating any contract with Snap One related to the Project. Thus, the Contract Claims against Snap One fail as a matter of law and the Court hereby enters summary judgment in favor of Snap One on and dismisses each of those claims with prejudice.

*Non-Contract Claims*. In Counts IV through VII of its Complaint, CET asserts claims for Unjust Enrichment, Tortious Interference, Unfair Competition, and Constructive Fraud (the "Non-Contract Claims"). In the Motion, Snap One argues that each of the Non-Contract Claims fails as a matter of law based on the undisputed facts. While, at this point, the Court DENIES the Motion, the Court holds that each of the Non-Contract Claims is insufficient as a matter of law to state a claim and dismisses those claims without prejudice for failure to state a claim. CET is granted leave to amend the Non-Contract Claims within twenty (20) days from the date of this order.

IT IS SO ORDERED.

DATED this 21st day of November 2023

BY THE COURT:

DALE A. KIMBALL
United States District Judge